## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

B. RILEY SECURITIES, INC.,

*Plaintiff and Counterclaim-
Defendant,*

v.

DR. GARY S. DONOVITZ, as TRUSTEE
OF THE GARY S. DONOVITZ 2012
IRREVOCABLE TRUST, and BIOTE
MANAGEMENT, LLC,

*Defendants and
Counterclaim-Plaintiffs.*

Case No. 1:24-cv-08401-AKH

**STIPULATION AND
[PROPOSED]
PROTECTIVE ORDER**

WHEREAS, the parties to this above-captioned action (collectively, the "Parties," and individually, each a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material or that person's counsel may designate such material as Confidential, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or

business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party.

3.     With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4.     With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5.     If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential, such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential under the terms of this Protective Order.

6.     No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a.  the Parties to this action, including employees of the Parties;

    b.  counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c.  outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

    d.  any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Attachment A hereto;

    e.  as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

    f.   any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Attachment A hereto;

    g.   any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Attachment A hereto;

    h.   stenographers engaged to transcribe depositions conducted in this action; and

    i.   this Court, including any appellate court, and the court reporters and support personnel for the same.

7.    Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Section 2 of the Individual Rules of the Honorable Alvin K. Hellerstein. If raising the matter in a letter, the parties shall, in good faith, jointly compose the letter in accordance with Section 2(E) of the Individual Rules of the Honorable Alvin K. Hellerstein. No party shall unreasonably withhold their consent from submitting such a jointly composed letter.

8.    Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

9.    Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

10.    All persons seeking to file redacted documents or documents under seal with the Court shall follow Section 4 of the Individual Rules of the Honorable Alvin K. Hellerstein, restated below, as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York. The Parties shall

use their best efforts to minimize such sealing.

    a.   The party shall file the notice of motion and redacted versions of the briefing and any supporting materials on the Court's Electronic Case Filing ("ECF") system. The parties shall submit unredacted copies under seal on ECF and shall submit those unredacted copies directly to Chambers, specifying those portions sought to be sealed and setting forth the reasons why sealing is appropriate under the circumstances. For exhibits over 100 cumulative pages, the party shall submit the unredacted documents to Chambers by CD only. If the motion to file under seal is denied, the party may withdraw the motion and the unredacted copies previously filed under seal on ECF without prejudice to refiling, or maintain the motion by filing unredacted copies of the briefing and supporting materials on ECF.

11.    Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12.    Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

13.    The production of privileged or work-product protected documents, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

14.    If, during the course of litigation, a Producing Party produces a document, ESI, or information that the Producing Party thereafter claims to be privileged or protected, the Producing Party must give written notice to the Receiving Party of the claim and the basis for it within ten (10) days of the Producing Party's discovery that such a production was made. After being notified, the Receiving Party must promptly destroy the specified document or information and any copies, notes, quotations, or summaries thereof, and must take reasonable steps to retrieve the information if the Receiving Party disclosed it to others before being notified. By destroying the specific document or information, the Receiving Party does not waive or in any way prejudice any motion it may make to challenge the privilege claim and compel the production thereof.

15.    If, during the course of litigation, a Receiving Party discovers privileged or protected documents, ESI, or information that appear to have been inadvertently produced, the Receiving Party shall, within ten (10) days of the Receiving Party's discovery of the material,

disclose the same to the Producing Party and shall inquire as to whether the production of those materials was, in fact, inadvertent. After being notified that those materials were, in fact, inadvertently produced, the Receiving Party must promptly destroy the specified document or information and any copies, notes, quotations, or summaries thereof, and must take reasonable steps to retrieve the information if the Receiving Party disclosed it to others before being notified. By destroying the specific document or information, the Receiving Party does not waive or in any way prejudice any motion it may make to challenge the privilege claim and compel the production thereof.

16.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

B. RILEY SECURITIES, INC.

BREWER, ATTORNEYS & COUNSELORS

By:/s/ Emily Hayes
Emily Hayes
299 Park Ave., 21st Floor
New York, NY 10171
(212) 271-4515
ehayes@brileyfin.com

*Attorney for Plaintiff and Counterclaim-Defendant B. Riley Securities, Inc.*

By:/s/ Claiborne R. Hane
William A. Brewer III
Claiborne R. Hane
750 Lexington Ave., 14th Floor
New York, NY 10022
(212) 489-1400
wab@brewerattorneys.com
clh@brewerattorneys.com

*Attorney for Defendants and Counterclaim-Plaintiffs Dr. Gary S. Donovitz, as Trustee of the Gary S. Donovitz 2012 Irrevocable Trust, and Biote Management, LLC*

Dated: March 18, 2025

SO ORDERED.  3/19/25

New York, New York



DATED: _____, 2025

> _____
> ALVIN K. HELLERSTEIN
> United States District Judge

## ATTACHMENT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

B. RILEY SECURITIES, INC.,

    *Plaintiff and Counterclaim-*
*Defendant,*

    v.

DR. GARY S. DONOVITZ, as TRUSTEE
OF THE GARY S. DONOVITZ 2012
IRREVOCABLE TRUST, and BIOTE
MANAGEMENT, LLC,

    *Defendants and*
*Counterclaim-Plaintiffs.*

Case No. 1:24-cv-08401-AKH

### NON-DISCLOSURE
### AGREEMENT

I,_____, acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the nondisclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____        _____